UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4133

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALEXANDER JAMES HARDNETT, a/k/a Alex,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, District Judge.  (CR-03-212)

Submitted:  February 2, 2005          Decided:  March 3, 2005

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded with instructions by unpublished per curiam opinion.

Dwight E. Crawley, LAW OFFICE OF DWIGHT E. CRAWLEY, Hopewell, Virginia, for Appellant.  Paul Joseph McNulty, United States Attorney, Alexandria, Virginia; Sara Elizabeth Flannery, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Alexander James Hardnett was convicted after a bench trial of one count of conspiracy to possess with intent to distribute fifty grams or more of cocaine base and one count of distribution of cocaine and aiding and abetting such distribution. Hardnett's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues, however raising several issues for review. Hardnett has filed a pro se supplemental brief in which he raises issues contained in counsel's brief and other issues. While we affirm the convictions, we vacate the sentence and remand for resentencing.

We find the district court did not abuse its discretion denying the motions to substitute counsel. United States v. Corporan-Cuevas, 35 F.3d 953, 956 (4th Cir. 1994). We further find no error in the court's decision not to preclude the testimony of three witnesses. Hardnett's challenge to the court's credibility findings must fail. United States v. Hobbs, 136 F.3d 384, 390 n.11 (4th Cir. 1998). We further find no error because the court did not review the grand jury transcript. Similarly, we find no prosecutorial misconduct. There was no error in the court's decision to admit evidence of cocaine that was stored in a law enforcement officer's evidence locker. There is no evidence the chain of custody was broken or that the evidence was tampered with. Hardnett's claim that he should have been given a reason as to why

- 2 -

a different judge was assigned to his trial and an opportunity to reconsider his decision to have a bench trial is without merit. There is no evidence of an unnecessary delay prior to having Hardnett be arraigned before a magistrate judge. Moreover, Hardnett cannot show he was prejudiced by the delay.

At sentencing, the district court made factual findings with respect to the drug amount, possession of a firearm, obstruction of justice and Hardnett's supervisory role in the conspiracy. These findings increased the offense level from 32 (based on the conviction for conspiracy to distribute 50 grams or more of crack cocaine) and mandated a life sentence. Without the enhancements, Hardnett would not have faced a mandatory life sentence under the guidelines. The statutory term of imprisonment for the conspiracy charge was twenty years' imprisonment to life imprisonment.

We find Hardnett's sentence was in violation of the rule announced in United States v. Booker, 125 S. Ct. 738, 2005 WL 50108 (2005). Booker held that the "Sixth Amendment is violated when a district court, acting pursuant to the Sentencing Reform Act and the guidelines, imposes a sentence greater than the maximum authorized by the facts found by the jury alone." United States v. Hughes, __ F.3d __, 2005 WL 147059, *3 (4th Cir. Jan. 24, 2005). In Booker, the Supreme Court severed and excised two provisions of the Sentencing Reform Act: 18 U.S.C. § 3553(b)(1), requiring

sentencing courts to impose a sentence within the guideline range, and 18 U.S.C. § 3742(e), setting forth standards of review on appeal. The Court held that the remainder of the guidelines remain as advisory, requiring a sentencing court to consider applicable guidelines ranges, but allowing the court to "tailor the sentence in light of other statutory concerns . . . ." Booker, 2005 WL 50108, at *38.

In Hughes, we found Hughes' sentence exceeded the maximum sentence authorized by the facts found by the jury alone, in violation of Booker. Hughes, 2005 WL 147059, at *4. Hughes raised the issue for the first time on appeal and review was for plain error. Id. Under plain error review, we found there was error, the error was plain, and the error affected Hughes' substantial rights. Id. at *4-5. We recognized the error because "to leave standing this sentence imposed under the mandatory guideline regime, we have no doubt, is to place in jeopardy the fairness, integrity or public reputation of judicial proceedings." Id. at *5 (internal quotation marks omitted).

Although neither counsel nor Hardnett raised this issue on appeal, under the dictates of Anders we must review the record for any meritorious issues. Based on our review of the imposition of the sentence, we find plain error and must vacate the sentence and remand to the district court for resentencing consistent with the rules announced in Booker and Hughes.

- 4 -

Because the sentencing guidelines remain in place in an advisory capacity, we have reviewed the enhancements. We find no error with respect to the enhancements for drug quantity, possession of a firearm or Hardnett's role in the offense. With respect to the enhancement for obstruction of justice, we find any error harmless as it has no bearing on the sentence recommended by the sentencing guidelines.

In accordance with the requirements of Anders, we have reviewed the entire record in this case. We affirm the convictions. We vacate the sentence and remand for resentencing consistent with the rules and instructions announced in Booker and Hughes. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART,
AND REMANDED WITH INSTRUCTIONS